UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| TYRONE JOHNSON, | : | Case No. 1:25-cv-186 |
| Plaintiff, | : | |
| vs. | : | Judge Matthew W. McFarland |
| | : | Chief Magistrate Judge Stephanie Bowman |
| FISHBOUGH, *et al.*, | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATION

Plaintiff, a state prisoner who is proceeding without the assistance of counsel, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee to commence this action. (Doc. 4).

This matter is before the Undersigned for an initial screening of the Complaint as required by law. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Undersigned concludes that Plaintiff's Eighth Amendment claims against Defendants Fishbough, Yates, Lay, and unnamed medical staff may **PROCEED** to further development. The Undersigned **RECOMMENDS** that the remaining claims be **DISMISSED**.

## I. Background

Plaintiff is an Ohio prisoner who currently resides at the Ohio State Penitentiary in Youngstown, Ohio. On March 7, 2025, Plaintiff filed a *pro se* civil rights Complaint against various correctional personnel employed at Marion Correctional Institution (MCI) in Marion County, Ohio, and Lebanon Correctional Institution (LeCI) in Warren County, Ohio. By Order dated March 24, 2025, the claims against the MCI defendants were severed and transferred to the

Northern District of Ohio. (Doc. 2, at PAGEID # 29). The claims against the LeCI Defendants were transferred to the Western Division of this Court in Cincinnati for further proceedings. After two partial payment attempts, Plaintiff paid the full filing fee to commence this action on June 16, 2025. (Doc. 4).

With respect to the portion of the Complaint that remained in this district, Plaintiff names LeCI employees M. Fishbough, D. Yates, T. Lay, Inspector Cole, and unnamed LeCI medical staff as Defendants. (Doc. 1, at PAGEID # 2). The Complaint sets forth Eighth Amendment claims of excessive force, deliberate indifference to serious medical needs, and conditions of confinement. (*Id*. at PAGEID # 5-9). But on July 2, 2025, and shortly after paying the filing fee, Plaintiff filed an "Amended Complaint." (Doc. 5). The "Amended Complaint" bears no relation to the prior Complaint, and names the Ohio Department of Rehabilitation and Correction's Southern Ohio Correctional Facility (SOCF) as the only Defendant. Plaintiff sets forth a single claim against SOCF for deprivation of personal property. (Doc. 5, at PAGEID # 33-34).

Typically, the filing of an Amended Complaint "supersedes an earlier complaint for all purposes." *In re Refrigerant Compressors Antitrust Litigation,* 731 F.3d 586, 589 (6th Cir. 2013); *see also Pacific Bell Telephone Co. v. LinkLine Communications, Inc.,* 555 U.S. 438, 456 n.4 (2009). But in this case, it is not apparent that Plaintiff intended to supersede the original Complaint. As such, the Undersigned will treat the most recent filing as a Supplemental Complaint intending to add a new claim and new Defendant to the existing action. (Doc. 5).

## II. Initial Screening Standard

Because Plaintiff is a prisoner who is seeking "redress from a governmental entity or officer or employee of a governmental entity," the Court is required to screen the Complaint to determine whether it, or any portion of it, should be dismissed because it is frivolous, malicious,

2

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 33 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). But the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

3

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### III. Plaintiff's Factual Allegations

Plaintiff names six Defendants, all of whom are affiliated with LeCI or SOCF: M. Fishbough, LeCI, D. Yates, LeCI, T. Lay, LeCI, Inspector Cole, LeCI, Unnamed LeCI medical staff, and SOCF. (Doc. 1, at PAGEID # 2; Doc. 5).

As an initial matter, pages 6 and 7 of the Complaint (Doc. 1, at PAGEID # 7 and 8), appear to be out of order. The Court understands Plaintiff to allege that while at LeCI, he was assaulted by Corrections Officer Fishbough. Plaintiff alleges that after a disagreement about his shirt, Officer Fishbough grabbed Plaintiff by the wrist and maced him. (*Id*. at PAGEID # 8). Plaintiff punched Officer Fishbough who fell, and then an unnamed officer jumped on Plaintiff's neck and began choking him. Plaintiff alleges that his shoulder was dislocated and his wrist and fingers were broken. (*Id*.).

Plaintiff states he was taken to medical in handcuffs with mace in his eyes. (*Id*.). After Plaintiff cursed at a nurse, Officer Yates maced him a second time. (*Id*.) Officers took Plaintiff

4

to the Captain's office to complete a use of force statement, even though he "could not see or breathe." (*Id*. at PAGEID # 7). After that, Defendant Lay escorted Plaintiff to segregation during which time Lay broke Plaintiff's thumb. (*Id*.) Plaintiff states Lay placed him in a cell with no mattress, no clothes, and he was not permitted to shower for four days. (*Id*.) Plaintiff complained for more than a week about pain in his shoulder, wrist, and fingers before he received an x-ray of his hand but not his shoulder. (*Id*.) A nurse gave plaintiff aspirin and theragesic gel. (*Id*.) Plaintiff states he was ultimately denied medical attention for over four months while at LeCI. (*Id*.) As relief, Plaintiff seeks damages for pain and suffering in the amount of $1,000.000. (*Id*. at PAGEID # 9).

The Supplemental Complaint alleges that when he was transferred from LeCI to SOCF, SOCF officials seized several items of his personal property as contraband. (Doc. 5 at PAGEID # 33-34). Specifically, Plaintiff alleges staff confiscated his typewriter, typewriter ribbons, CD player, CD's, laundry detergent, and a belt. Plaintiff alleges these items have a total value of $1336.00. (*Id*.) Plaintiff states he filed a grievance regarding this issue and then pursued the matter in the Ohio Court of Claims before filing the Amended Complaint. (*Id*.) He alleges that "SOCF agreed to damages of $265.00 for the damage of [his] TV but did not award compensation for the rest of [his] property." (*Id*. at PAGEID # 34).

The Court may take judicial notice of Plaintiff's Ohio Court of Claims case that he references in the Amended Complaint. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) ("[F]ederal courts may take judicial notice of proceedings in other courts of record.")). On January 8, 2025, Plaintiff filed an action in the Ohio Court of Claims alleging that several items of his personal property were missing or damaged while at SOCF. *See Tyrone R. Johnson v. Ohio Dep't of Rehab. & Corr.*,

5

No. 2025-00021AD (Ohio Ct. Cl.). Plaintiff alleged that his TV was broken, and his typewriter, CD's, CD player, detergent, deodorant, soap, belt, legal mail, pictures, documents, toothbrush, brush, comb, lock, and bedding were missing. On May 23, 2025, Plaintiff received an administrative determination partially in his favor; He was awarded $240 for the damaged television, plus reimbursement of the $25 filing fee. But the administrative clerk determined Plaintiff was not entitled to recover the value of the items deemed contraband. On June 2, 2025, Plaintiff filed a motion for court review pursuant to Ohio Revised Code § 2743.10(D). On June 24, 2025, the court issued an entry affirming the administrative determination.

### IV. Discussion

#### A. Eighth Amendment Claims may proceed.

At this stage in the proceedings, and without the benefit of an answer or other briefing, the Undersigned concludes that Plaintiff's claims under the Eighth Amendment:

1. Against Defendants Fishbough, Yates and Lay for excessive force;
2. Against Defendant Lay regarding conditions of confinement;
3. Against unknown medical staff for deliberate indifference to serious medical needs

may **PROCEED** to further development. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994); *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

The Court advises Plaintiff that this is only a preliminary determination. The Court has not made a determination as to the merits of the claims being allowed to proceed at this juncture, nor has the court considered any potential defenses. Defendants are not precluded from filing a motion to dismiss, a motion for a more definite statement, or other appropriate motions under the

6

Federal Rules of Civil Procedure. *See, e.g., Wiley v. Austin*, No. 8:20-cv-220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

### B. The remaining claims should be dismissed.

First, to the extent Plaintiff sues any named Defendant in his or her official capacity for monetary damages, those claims should be dismissed as barred by the Eleventh Amendment to the United States Constitution. *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018). "While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) (cleaned up). Thus, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 68 (1989)). Plaintiff's claims here against Defendants in their official capacities are the same as claims against the State of Ohio.

Claims for damages against the State of Ohio are barred by the Eleventh Amendment, which "denies to the federal courts authority to entertain a suit brought by private parties against a state without its consent." *Maben*, 887 F.3d at 270 (quoting *Ford Motor Co. v. Dep't of Treasury of Indiana*, 323 U.S. 459, 464 (1945)). "The [United States Supreme] Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Maben*, 887 F.3d. at 270, (quoting *Graham*, 473 U.S. at 169). Here, "because Ohio has not consented to suits in federal court nor has Congress abrogated Ohio's immunity under § 1983," the State of Ohio has immunity for claims against it. *Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020) (citing *Ohio v. Madeline*

7

*Marie Nursing Homes # 1 & # 2*, 694 F.2d 449, 460 (6th Cir. 1984) and *Giles v. Univ. of Toledo*, 478 F. Supp. 2d 924, 960-61 (N.D. Ohio 2007)). This immunity "extends to state officials sued in their official capacity" for monetary damages, such as is pursued here. *Smith v. DeWine*, 476 F. Supp. 3d at 650-51. Accordingly, Plaintiff's claims for monetary damages against Defendants in their official capacities should be dismissed.

Second, the Undersigned **RECOMMENDS** that Defendant Cole be **DISMISSED** from this action because the Complaint does not contain any factual allegations against this Defendant. Plaintiff does not allege that Defendant Cole was personally involved in the events described in the Complaint or that he can otherwise be held responsible. "It is well settled that a defendant cannot be held liable under 42 U.S.C. § 1983 for alleged constitutional violations absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct." *Williams v. Hodge*, No. 3:08-cv-387, 2009 WL 47141, at *3 (M.D. Tenn. Jan. 7, 2009) (citing *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992)).

Third, the Supplemental Complaint (Doc. 5) against SOCF should be dismissed in its entirety, because ODRC and/or SOCF are not proper defendants. "Section 1983 creates liability for 'persons' who deprive others of federal rights under color of law. Only a 'person' faces liability under the statute." *Hohenberg v. Shelby Cnty., Tenn.*, 68 F.4th 336, 342 (6th Cir. 2023) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)). The ODRC and/or a correctional facility like SOCF are not a "person" subject to suit under 42 U.S.C. § 1983. *See Penn v. Eash*, No. 1:22-cv-262, 2022 WL 1701912, at *2 (S.D. Ohio May 27, 2022) (citing cases). Accordingly, the Supplemental Complaint should be dismissed on this basis.

The Undersigned also notes that Plaintiff's property claim in the Supplemental Complaint appears to be barred by the *Leaman* Doctrine. "The *Leaman* Doctrine arises out of the case of

8

*Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities*, in which the Sixth Circuit held that under the Ohio Court of Claims Act, Ohio Revised Code § 2743.02(A)(1), filing a lawsuit against the State of Ohio in the Ohio Court of Claims results in a 'complete waiver' of any cause of action against a state employee arising out of the same act or omission." *Vokurka v. Schweitzer*, No. 2:22-cv-652, 2025 WL 552877, at *2 (S.D. Ohio Feb. 19, 2025) (quoting *Leaman*, 825 F.2d 946 (6th Cir. 1987)). "The Sixth Circuit has consistently applied *Leaman* to bar plaintiffs from bringing suit in federal court against a state employee after bringing suit against the state in the Court of Claims based on the same claim." *Id*.

But a waiver under section 2743.02(A)(1) must be knowing, intelligent, and voluntary. *See Harris v. Sowers*, No. 22-4060, 2024 WL 3051285, at *5 (6th Cir. Feb. 6, 2024) (citing *Leaman*, 825 F.3d at 956). And where a plaintiff is proceeding *pro se*, the district court must make a "'factual finding as to whether [the plaintiff] knowingly, intelligently, and voluntarily waived his right to proceed in federal court.'" *Id*. (quoting *Kajfasz v. Haviland*, 55 F. App'x 719, 722 (6th Cir. 2003)). The Court need not make such a finding here, because the SOCF is not a proper Defendant, and the Supplemental Complaint, (Doc. 5), should be dismissed on this basis.

### V. Service Documents and Conclusion

The Undersigned notes that Plaintiff has not yet provided the required service documents for all Defendants. A separate order will be entered relating to these documents.

Now having screened the Complaint as required by 28 U.S.C. §§ 1915A and 1915(e)(2), the Undersigned **RECOMMENDS** that Plaintiff's Eighth Amendment claims against Defendants Fishbough, Yates, Lay and the medical Doe Defendants may **PROCEED** to further development but that the Court **DISMISS** the remaining claims, which include:

9

1. Any claim(s) against Defendant Inspector Cole.

2. All claims for money damages against the remaining Defendants in their official capacities.

3. All claims against the ODRC and/or SOCF as those Defendants are not a person that can be sued under § 1983.

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.s

September 18, 2025                                          *s/Stephanie K. Bowman*
                                                                               STEPHANIE K. BOWMAN
                                                                               Chief United States Magistrate Judge