**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| TYRONE RAYMOND JOHNSON, | : | Case No. 1:25-cv-186 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| MICHAEL FISHBOUGH, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

## ORDER ADOPTING REPORT AND RECOMMENDATIONS (Doc. 6)

---

This matter is before the Court on the Report and Recommendations (Doc. 6) of United States Chief Magistrate Judge Stephanie K. Bowman, to whom this case is referred. Plaintiff filed Objections (Doc. 8). Thus, this matter is ripe for the Court's review.

Plaintiff Tyrone Raymond Johnson is a prisoner bringing suit against several correctional personnel. (*See* Compl., Doc. 1; Am. Compl., Docs. 5, 11.) Specifically, the Chief Magistrate Judge recommends dismissing (1) any claims against Defendant Inspector Cole, (2) all claims for money damages against the remaining Defendants in their official capacities, and (3) all claims against the Ohio Department of Rehabilitation and Correction ("ODRC") and/or the Southern Ohio Correctional Facility ("SOCF"). (Report, Doc. 6.) The Court conducts de novo review of any portions of the Report and Recommendations properly objected to by a party. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "The filing of vague, general, or conclusory objections," however, "does not

meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).

As an initial matter, the Court acknowledges the filing of a document labeled "Amended Complaint" as of January 16, 2026. (*See* Am. Compl., Doc. 11.) Although originally docketed as a new civil case, Plaintiff appears to have attempted to comply with the Chief Magistrate Judge's Order Regarding Service (Doc. 7). In any event, the Court will consider the pending Report and Recommendations (Doc. 6) and Plaintiff's Objections (Doc. 8) to ensure a thorough record.

The precise contours of Plaintiff's objections are not clear to the Court. (*See* Objections, Doc. 8.) It first appears that Plaintiff objects to the dismissal of any claim against Defendant Inspector Cole. (*Id.*) In doing so, however, Plaintiff points to new allegations: "Inspector Cole personally visited Plaintiff in segregation and personally got involved by stating he will not pursue any charges against officers even if they assaulted a[n] inmate," and "Inspector [Cole] did not issue a tablet and ignored the paper filed informal complaint as well as grievance." (*Id.* at Pg. ID 48.) Adding new allegations through briefing or "in an objection to a magistrate judge's [report and recommendation]" — rather than through the operative pleading — is improper. *Drane v. Cath. Charities W. Michigan*, No. 1:25-CV-1478, 2026 WL 759071, at *2 (W.D. Mich. Mar. 18, 2026) (collecting cases). That being said, the Court will dismiss the claims against Inspector Cole (as contemplated in the Report and Recommendations) *without* prejudice to allow for potential amendment. *See Newberry v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015).

As to Plaintiff's remaining objections, he appears to recite general propositions of law and assert conclusions as to the Defendants from a collective perspective. (Objections, Doc. 8.) From the Court's best reading, Plaintiff does not specifically contest dismissal of his claims against Defendants in their official capacities. In other words, Plaintiff does not counter the Chief Magistrate Judge's well-reasoned recommendation to dismiss Plaintiff's official capacity claims—which only seek monetary damages—as incognizable and barred by the Eleventh Amendment. (Report, Doc. 6, Pg. ID 42-43). Case law supports such dismissal. *See, e.g., Testing & Eng'g, Inc. v. Ohio Dep't of Transp.*, 855 F. Supp. 2d 722, 726 (S.D. Ohio 2012); *White v. Ohio Dep't of Rehab. & Corr.*, No. 1:24-CV-478, 2024 WL 3201114, at *3 (N.D. Ohio June 26, 2024); *Souare v. Ohio BMV*, No. 5:25-CV-564, 2025 WL 2029794, at *3 (N.D. Ohio July 21, 2025).

To the extent Plaintiff contests dismissal of his claims against the ODRC or SOCF, his argument focuses solely upon his inability to identify certain individuals. (Objections, Doc. 8, Pg. ID 50-51.) However, he provides no argument or authority to dispute the Chief Magistrate Judge's conclusion that "[t]he ODRC and/or a correctional facility like SOCF are not a 'person' subject to suit under 42 U.S.C. § 1983." (Report, Doc. 6, Pg. ID 43 (citing *Penn v. Eash*, No. 1:22-CV-262, 2022 WL 1701912, at *2 (S.D. Ohio May 27, 2022) (collecting cases))). As the pleadings stand, Plaintiff only brings these claims against ODRC and SOCF—not any identified individual or John Doe individual. (Am. Compl., Doc. 5.) *See Brumlow v. Hamilton Cnty., Tennessee*, No. 1:16-CV-394, 2019 WL 613217, at *5 (E.D. Tenn. Feb. 13, 2019) ("Where a plaintiff is temporarily unable to ascertain a defendant's actual name, the plaintiff may initially file a complaint that names an unknown defendant by

3

using a 'John Doe' appellation or similar pseudonym.").

Accordingly, for the foregoing reasons, the Court **OVERRULES** Plaintiff's Objections (Doc. 8) and **ADOPTS** the Chief Magistrate Judge's Report and Recommendations (Doc. 6) with the following **MODIFICATIONS**. Specifically, the Court **ORDERS** the following:

1) Plaintiff's Eighth Amendment claims against Defendants Fishbough, Yates, Lay, and the medical Doe Defendants may **PROCEED** at this juncture;

2) Plaintiff's claims against Defendant Inspector Cole are **DISMISSED WITHOUT PREJUDICE**;

3) Plaintiff's claims for money damages against the remaining Defendants in their official capacities are **DISMISSED WITH PREJUDICE**; and

4) Plaintiff's claims against the ODRC and/or SOCF are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND

4